IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

              Plaintiff,

vs.

CHAD CARLSON,

              Defendant.

4:20-CR-3108

TENTATIVE FINDINGS

The Court has received the presentence investigation report in this case. The defendant has objected to the presentence report and moved for a downward departure or variance. Filing 44.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.      The defendant has objected to the presentence report in several respects. *See* filing 45. The first two respects are related, and their effect (if sustained) would be to reduce the defendant's criminal history. *See* filing 45. First, the defendant objects to the prosecutor's version of the offense, in which the government says that a cooperating witness bought methamphetamine from the defendant in 2015. Filing 44 at 1; filing 45 at 3. The defendant also objects to information about a traffic stop in 2015 where he was a passenger in a vehicle in which methamphetamine was found. Filing 45 at 2.

The purpose of those objections is to push back the date of the instant offense—that is, the time at which the defendant's relevant conduct began—to early 2016. *See* filing 45 at 3. And then, the defendant contends that the defendant's sentences for two prior Kansas

convictions, found at ¶¶ 44 and 45 of the presentence report, actually ended on July 6, 2020 and January 6, 2021, respectively. Filing 44 at 2.

If that were all true, then potentially both convictions would fall outside the 15-year lookback period of U.S.S.G. § 4A1.2(e)(1), and would not result in criminal history points. But the Court cannot make that determination now. For starters, the defendant's argument relies on an email from the Kansas Department of Corrections that the Court hasn't seen. *See* filing 44 at 2. But the government has the burden of proving relevant conduct, *see United States v. Starr*, 986 F.2d 281, 282 (8th Cir. 1993), and presenting reliable documentation of a defendant's prior conviction, *see United States v. Rodriguez*, 711 F.3d 928, 940 (8th Cir. 2013). Accordingly, the Court will resolve these objections at sentencing.

The defendant also objects to a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for carrying a firearm while involved in drug transactions, arguing simply that the evidence is insufficient to support the enhancement. Filing 44 at 2; filing 45 at 4. Application of sentencing enhancements must be supported by a preponderance of the evidence, and the government has the burden to prove the factual basis for an enhancement. *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016). Accordingly, the Court will resolve this objection at sentencing.

Finally, the defendant moves for a downward departure or variance, arguing that a criminal history category VI is overstated. Filing 44 at 3. It is true, as the defendant notes, that most of his criminal history points (at least, pending resolution of his objections) were incurred in 1997-99, on the cusp of the 15-year lookback period. *See* filing 45 at 4-5. The Court will resolve this motion at sentencing.

3.     Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.     If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.     Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.     Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 29th day of September, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge

- 4 -